UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
_____

**BUILDING TRADES UNITED PENSION TRUST FUND**
and **SCOTT REDMAN (in his capacity as Trustee),**

**WISCONSIN MASONS HEALTH CARE FUND,**
**WISCONSIN MASONS APPRENTICESHIP AND**
**TRAINING FUND, WISCONSIN MASONS LMCT FUND**
and **GARY BURNS (in his capacity as Trustee),**

**BRICKLAYERS & TROWEL TRADES INTERNATIONAL**
**PENSION FUND, INTERNATIONAL MASONRY**
**INSTITUTE, IPF/PPA FUNDING IMPROVEMENT PLAN,**

**BRICKLAYERS AND ALLIED CRAFTWORKERS**
**DISTRICT COUNCIL OF WISCONSIN,**

    **Plaintiffs,**

  **v.**                   **Case No. 16-cv-626**

**SUHR TILE COMPANY, LLC,**

    **Defendant.**
_____

## COMPLAINT
_____

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by John J. Brennan, and as and for a cause of action against the Defendant, allege and show to the Court the following:

### Jurisdiction and Venue

1. Jurisdiction of this Court upon Defendant Suhr Tile Company, LLC is founded upon Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), and Section 301(a) of the Labor Management Relations

Act of 1947 (hereinafter "LMRA"), as amended (29 U.S.C. § 185(a)), in that the Plaintiffs are aggrieved by the Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, Section 301 of the LMRA, and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that Plaintiffs Wisconsin Masons Funds are administered in Dane County, Wisconsin.

### Parties

3. Plaintiff Building Trades United Pension Trust Fund is an employee benefit plan within the meaning of sections 3(2), (3), and (37), 502 and 515 of ERISA, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(2), (3), and (37), 1132 and 1145), and brings this action on behalf of the Trustees, participants, and beneficiaries of said Plan. Said Plan maintains offices at 500 Elm Grove Road, Elm Grove, Wisconsin 53122.

4. Plaintiff Scott Redman is a Trustee and a fiduciary of the Building Trades United Pension Trust Fund, as well as a participant and beneficiary within the meaning of ERISA and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for. Scott Redman maintains an office at 11175 West Parkland Avenue, Milwaukee, Wisconsin 53224.

5. Plaintiffs Wisconsin Masons Health Care Fund, Wisconsin Masons Apprenticeship & Training Fund, and Wisconsin Masons LMCT Fund are employee

benefit plans within the meaning of ERISA §§ 3(1), (2), (3), and (37), 502, and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3), and (37), 1132, and 1145), and bring this action on behalf of the trustees, participants, and beneficiaries of said Plans.  Said Plans maintain offices at 2901 Beltline Highway, Madison, Wisconsin  53713.

6. Plaintiff Gary Burns is a trustee and a fiduciary of the Wisconsin Masons Health Care Fund, as well as a participant and beneficiary within the meaning of ERISA and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for.  Gary Burns maintains an office at 17125 West Cleveland Avenue, New Berlin, Wisconsin 53151.

7. Plaintiffs Bricklayers & Trowel Trades International Pension Fund, International Masonry Institute ("IMI"), and the IPF/PPA Funding Improvement Plan are employee benefit plans within the meaning of ERISA §§ 3(2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§1002(2), (3) and (37), 1132 and 1145), and bring this action on behalf of the Trustees, participants and beneficiaries of said Plans.  Said Plans maintain offices at 620 F Street NW, Washington, D.C. 20004.

8. Plaintiff Bricklayers and Allied Craftworkers District Council of Wisconsin is a labor organization ("Union") within the meaning of 29 U.S.C. § 158, et seq., and brings this action on behalf of the participants and members of the organization for whom it collects working dues.  Said labor organization maintains offices at 17125 West Cleveland Avenue, New Berlin, Wisconsin 53151.

9. Suhr Tile Company, LLC (hereinafter "Suhr Tile") is a limited liability corporation organized under the laws of Wisconsin, engaged in business with principal offices located at 126 13th Avenue, Union Grove, Wisconsin 53182. The company's registered agent for service of process is Nancy J. Suhr, 126 13th Avenue, Union Grove, Wisconsin 53182.

## Facts

10. Suhr Tile is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12), and (14) (29 U.S.C. §§ 1002(5), (11), (12), and (14)) and the LMRA (29 U.S.C. §151, et seq.).

11. For all times relevant, Suhr Tile was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements (hereinafter "Labor Agreements") between itself and the Union.

12. The Union represents, for purposes of collective bargaining, certain Suhr Tile employees and employees of other employers in industries affecting interstate commerce within the meaning of LMRA §§ 2(5), 9(a), and 301(a) (29 U.S.C. §151, et seq.).

13. The Labor Agreements described herein contain provisions whereby Suhr Tile agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said Labor Agreements.

14. By execution of said Labor Agreements, Suhr Tile adopted the trust agreements and amendments thereof which establish and govern the Plaintiffs and are necessary for their administration, and designated as its representatives on the board of trustees such trustees as have been named and appointed pursuant to said trust

agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

15. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the trustees of said trust funds, Suhr Tile has agreed as follows:

    a. to file monthly reports and make timely and prompt contributions to the Plaintiffs for each employee covered by the aforementioned Labor Agreements;

    b. to deduct from each employee who has so authorized, working dues and to timely pay said amounts to the Union;

    c. to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

    d. to adopt and abide by all of the rules and regulations adopted by the trustees of the Plaintiffs pursuant to the trust agreements;

    e. to adopt and abide by all of the actions of the trustees in administering the Plaintiffs in accordance with the trust agreements and the rules so adopted;

    f. to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

        g.     to pay, in addition to delinquent contributions, interest, and liquidated damages, actual attorney fees, audit fees, court costs, and service fees, should legal action be necessary to obtain delinquent contributions, interest, and liquidated damages.

16.    Suhr Tile has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

        a.     failing to make continuing and prompt payments to the Plaintiffs as required by the Labor Agreements and trust agreements for all of Suhr Tile's covered employees; and

        b.     failing to accurately report employee work status to the Plaintiffs.

17.    ERISA § 502(g)(2), as amended by the MPPAA provides:

(2)    In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A)    the unpaid contributions,

(B)    interest on the unpaid contributions,

(C)    an amount equal to the greater of --

    (i)    interest on the unpaid contributions, or

    (ii)  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

  (D)  reasonable attorney's fees and costs of this action, to be paid by the defendant, and

  (E)  such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

  18.  ERISA § 515 provides:

    Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

  19.  Despite demands that Suhr Tile perform its statutory and contractual obligations, the Plaintiffs have ascertained that said Defendant has failed, neglected, omitted, and refused to make those payments. Suhr Tile is now indebted to the Plaintiffs as follows:

**Audit Period: January 1, 2012 through March 31, 2015:**

| | |
|---|---:|
| Building Trades United Pension Trust Fund | $49,421.77 |
| Wisconsin Masons Health Care Fund | 53,270.18 |
| Wisconsin Masons Apprenticeship and Training Fund | 438.51 |
| Wisconsin Masons LMCT Fund | 175.41 |
| Bricklayers and Allied Craftworkers District Council of Wisconsin | 14,025.02 |
| Bricklayers and Trowel Trades International Pension Fund | 9,562.23 |
| International Masons Institute | 2,242.59 |
| IPF/PPA Funding Improvement Plan | 2,112.13 |

**Claim One - Against Defendant Suhr Tile Company, LLC**
**Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)**

20. As and for a first claim for relief against Suhr Tile, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 19 above and incorporate the same as though fully set forth herein word for word.

21. For purposes of this claim (Claim One), the Building Trades United Pension Trust Fund, Wisconsin Masons Health Care Fund, Wisconsin Masons Apprenticeship and Training Fund, Wisconsin Masons LMCT Fund, Bricklayers & Trowel Trades International Pension Fund, International Masonry Institute, and IPF/PPA Funding Improvement Plan, are hereinafter referred to as the "Funds."

22. Due demand has been made by the Funds upon Suhr Tile for payment of all sums due and owing, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

23. Because, as the Funds are informed and believe, Suhr Tile has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Funds is reduced, the Funds' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and the Funds' employee benefit plans have been violated, and the Funds are entitled to all of the remedies provided by ERISA.

24. Because Suhr Tile has failed to make timely and prompt contributions, some of the Funds' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe

and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, the Funds demand the following relief:

1. Judgment on behalf of the Funds and against Suhr Tile:

    A. For $117,222.82, representing contributions, interest, and liquidated damages owed the Funds for the audit period January 1, 2012 through March 31, 2015;

    B. Actual attorney fees and the costs of this action.

2. For such other, further, or different relief as the Court deems just and proper.

### Claim Two - Against Defendant Suhr Tile Company, LLC
### Violation of LMRA § 301 (29 U.S.C. § 185)

25. As and for a second claim for relief against Suhr Tile, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 24 above and incorporate the same as though fully set forth herein word for word.

26. Due demand has been made upon Suhr Tile for payment of all working dues outstanding, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

27. Because, as the Union is informed and believes, Suhr Tile has not paid timely and prompt working dues on behalf of the Union members, the Union's income is reduced, and their participants and members may be forced to pay working dues out of pocket; even though said amounts may have already been deducted from their

paychecks by the Defendant. Consequently, the LMRA has been violated, and the Union is entitled to all of the remedies provided by the LMRA.

**WHEREFORE**, the Union demands the following relief:

1. Judgment on behalf of the Union and against Suhr Tile:

   A. For $14,025.02, representing unpaid working dues owed to the Bricklayers and Allied Craftworkers District Council of Wisconsin the audit period January 1, 2015 through August 31, 2015;

   B. Actual attorney fees and the costs of this action.

2. For such other, further, or different relief as the court deems just and proper.

Dated this 13th day of September, 2016.

s/John J. Brennan
John J. Brennan (SBN 1018604)
The Previant Law Firm, S.C.
310 West Wisconsin Avenue, Suite 100 MW
Milwaukee, WI 53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: jjb@previant.com

Attorney for Plaintiffs